# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**MELVIN C. LEWIS and**
**JUANITA L. LEWIS,**

        **Plaintiffs,**

v.                                  Case No: 6:25-cv-878-PGB-DCI

**ADVENT HEALTH**
**CORPORATION, ITS WINTER**
**GARDEN HOSPITAL 3RD**
**FLOOR NURSE "SHERRY," and**
**JANE DOE,**

        **Defendants.**

_____/

## ORDER

      This cause is before the Court on Plaintiffs Melvin C. Lewis and Juanita L. Lewis' (collectively, the "**Plaintiffs**") filing entitled Affidavit of Opposition to Paul G. Byron, Esquire's Recusal Denial "Order," to Compel Judicial Boundary and for Interlocutory Review. (Doc. 34 (the "**Motion for Reconsideration**")). The Court construes the aforementioned filing as a Motion for Reconsideration of the Court's Order denying Plaintiffs' Motion for Recusal.[1] (Docs. 22, 23). The Court does not deem a response to the Motion for Reconsideration by Defendant Advent

---

[1] "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). To the extent that Plaintiffs also ask the Court "to compel judicial boundary and for interlocutory review," Plaintiffs provide no legal basis to support such relief. (*See* Doc. 34).

Health Corporation ("**Defendant**")[2] to be necessary. Upon consideration, the Motion for Reconsideration is due to be denied.

I.      BACKGROUND

On July 9, 2025, Plaintiffs filed a Motion for Recusal (Doc. 22 (the "**Motion for Recusal**")) of the undersigned Judge. Therein, Plaintiffs asserted that the undersigned Judge has conflicts of interest in this matter and "wrongfully dismissed" a prior lawsuit filed by Plaintiff Melvin C. Lewis ("**Mr. Lewis**"). (Doc. 22, pp. 2–3). Plaintiffs additionally cited that the Court had entered "unrevealed" Orders in the instant case, and attached electronic notices of filings showing Endorsed Orders by the Court that indicated there were no documents attached. (*Id.* at pp. 1, 4; Doc. 22-1).

On July 15, 2025, the Court denied the Motion for Recusal. (Doc. 23 (the "**Order Denying Recusal**")). In the Order Denying Recusal, the Court noted that the Motion for Recusal was "difficult to decipher and consist[ed] largely of accusations unsupported by record citation . . . ." (*Id.* at p. 2). Ultimately, the Court determined that the Motion for Recusal lacked merit. (*See generally* Doc. 23). More specifically, the Court explained that Mr. Lewis' prior lawsuit had been dismissed because it was frivolous. (*Id.* at pp. 3–4). Further, the Court determined that the undersigned Judge's alleged unidentified conflicts of interest did not justify recusal. (*Id.* at p. 4). Finally, the Court clarified that Endorsed Orders do not

---

[2] The Court notes that the remaining Defendants named in the Complaint have not yet appeared in this action.

contain attachments and confirmed that Plaintiffs had the entirety of the relevant Orders. (*Id.* at pp. 3–4).

Now, in the Motion for Reconsideration, Plaintiffs state that they "object, oppose, and do not consent" to the Court's Order Denying Recusal. (Doc. 34, p. 9).

## II.   LEGAL STANDARD

A court's reconsideration of a prior order is an "extraordinary remedy" that should be used "sparingly." *Taylor Woodrow Constr. Corp. v. Sarasota/Manatee Airport Auth.*, 814 F. Supp. 1072, 1072–73 (M.D. Fla. 1993); *accord Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984). Such a motion may arise under Rule 59(e) or Rule 60(b). *See* FED. R. CIV. P. 59(e), 60(b).

Under either Rule, a motion to reconsider cannot be used to "relitigate old matters, raise argument or present evidence that could have been raised [earlier]." *Michael Linet, Inc. v. Village of Wellington*, 408 F.3d 757, 763 (11th Cir. 2005); *accord Imperato v. Hartford Ins. Co.*, 803 F. App'x 229, 231 (11th Cir. 2020) (per curiam).[3] It is wholly inappropriate in a motion for reconsideration to "vent dissatisfaction with the Court's reasoning." *Madura v. BAC Home Loans Servicing L.P.*, No. 8:11-cv-2511, 2013 WL 4055851, at *2 (M.D. Fla. Aug. 12, 2013) (citation omitted). Instead, the moving party must set forth "strongly convincing" reasons for the Court to change its prior decision. *Id.* at *1. Thus, to prevail on a motion to reconsider, the movant must identify "manifest errors of law or fact" or

---

[3]   "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants." *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007).

3

extraordinary circumstances. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotation omitted).[4]

## III. DISCUSSION

The Court finds that Plaintiffs have not met the high bar required to warrant reconsideration of the Court's Order Denying Recusal. (*See* Doc. 34). The grounds Plaintiffs advance in support of the Motion for Reconsideration are even less clear than those advanced in support of the initial Motion for Recusal. (*See generally id.*; Doc. 22). Consequently, the Court struggles to follow the logic advanced in support of the Motion for Reconsideration. However, it appears that Plaintiffs seek to reiterate their personal belief that the undersigned Judge is biased in this matter. (Doc. 34, p. 4). Additionally, Plaintiffs again make vague references to the undersigned Judge's purported conflicts of interest in this case. (*Id.* at p. 6).

These arguments were already raised in Plaintiffs' Motion for Recusal. (*See* Doc. 22). Accordingly, by raising these arguments here, Plaintiffs improperly attempt to "relitigate old matters, raise argument or present evidence that could have been raised [earlier]." *Michael Linet*, 408 F.3d at 763. Through these arguments, Plaintiffs also improperly "vent dissatisfaction with the Court's reasoning" in its Order Denying Recusal. *Madura*, 2013 WL 4055851, at *2.

---

[4] Reconsideration is an extraordinary remedy which will only be granted upon a showing of one of the following: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, or (3) the need to correct clear error or manifest injustice. *Fla. Coll. of Osteopathic Med., Inc. v. Dean Witter Reynolds, Inc.*, 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

Consequently, these arguments do not warrant reconsideration of the Court's Order Denying Recusal.

Plaintiffs also appear to support their Motion for Reconsideration by objecting to Magistrate Judge Daniel C. Irick's involvement in this case.[5] (Doc. 34, 2–4). While it is difficult to discern the precise nature of Plaintiffs' concern, Plaintiffs present no evidence to support that Magistrate Judge Irick's role in the case represents a "manifest error of law or fact" or otherwise demonstrates the undersigned Judge's bias here. *Arthur*, 500 F.3d at 1343.

Simply put, Plaintiffs do not set forth extraordinary circumstances warranting reconsideration of the Court's Order Denying Recusal. Consequently, Plaintiffs' request for reconsideration of the Court's Order Denying Recusal is due to be denied.

## IV.   CONCLUSION

For the aforementioned reasons, Plaintiffs' Motion for Reconsideration (Doc. 34) is **DENIED**.

**DONE AND ORDERED** in Orlando, Florida on August 19, 2025.

---

[5]   The Court additionally notes that, in the body of the Motion for Reconsideration, Plaintiffs intermittently suggest that Magistrate Judge Irick should recuse himself from the instant case. (*See, e.g.*, Doc. 34, p. 4). Ultimately, Plaintiffs have not filed a motion to recuse Magistrate Judge Irick. Any such motion should be filed in a separate document rather than embedded in the body of a motion seeking different relief, such as the instant Motion for Reconsideration. *See* Local Rule 3.01(a) (noting that a motion must be comprised of "a single document no longer than twenty-five pages inclusive of all parts" containing "a concise statement of the precise relief requested, a statement of the basis for the request, and a legal memorandum supporting the request").

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties